IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

In the matter of the Arbitration between,

ASHCRAFT & ASSOCIATES, INC., )
                                                    Petitioner, )
    )
v. )   Case No. 04-09046-mc-S-RED
    )
INTERNATIONAL BROTHERHOOD )
OF ELECTRICAL WORKERS, LOCAL )
UNION NO. 453, )
    )
                                                  Respondent. )

**ORDER**

        Now before the Court is Petitioner's Motion to Vacate or Alternatively to Modify Arbitration Award (Doc.1), Suggestions in Support of Motion to Vacate or Modify Arbitration Award. (Doc. 2), Opposition of IBEW Local Union No. 453 to Motion of Ashcraft & Associates, Inc. to Vacate or Alternatively to Modify Arbitration Award and IBEW Local Union No. 453's Cross-Motion to Confirm and Enforce Arbitration Award with IBEW's Attorney Fees Expended in this Action (Doc. 6), IBEW's Memorandum of Law in Opposition to Motion of Ashcraft & Associates, Inc. to Vacate or Alternatively to Modify Arbitration Award and In Support Of IBEW's Cross-Motion to Confirm and Enforce Arbitration Award with IBEW's Attorney Fees Expended in this Action (Doc. 7), and the Reply Memorandum for Petitioner Seeking Vacation of Arbitration Award (Doc. 10).

**FACTS**

        This case comes to the Court in review of an arbitration award issued against Petitioner. Petitioner is a Missouri Corporation which has entered a collective bargaining agreement with the National Electrical Contractors Association, Inc (NECA) and Respondent in this action, International Brotherhood of Electrical Workers, Local Union No. 453 (Respondent). The underlying conflict between the parties arises from Petitioner's subcontract agreement with Rust Construction Company to install and change out smoke

detectors in single-family residential units on the federal enclave at Fort Leonard Wood, Missouri.

Petitioner argues that it called Respondent for the referral of an employee to install and change out the smoke detectors, in accordance with the referral procedure of the collective bargaining agreement and that since Respondent did not respond within forty-eight (48) hours, Petitioner was free to hire off the street. Petitioner then hired a female employee[1] off the street. Respondent argues that Petitioner never called for a referral, and therefore violated the referral procedures of the collective bargaining agreement by hiring an employee off the street.

A grievance was filed against Petitioner and an arbitration of the grievance through the Joint Labor Management Committee followed. The Joint Management Committee consisted of three members chosen by the Respondent and three members chosen by NECA. The Committee rejected Petitioner's position and ruled in favor of Respondent on the grievance and determined that Petitioner owes $10,889.71 to Respondent. Additionally, the Committee held the money should be evenly paid to those on Respondent's out-of-work list during the dates of the employment for the employee hired off the street by Petitioner. Petitioner now challenges this award.

## STANDARD OF REVIEW

A district court's review of an arbitration award is extremely limited. *See Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 532 (2001). The underlying award is entitled to an "extraordinary level of deference." Schoch v. InfoUSA, Inc., 341 F.3d 785, 788 (8th Cir.2003) (internal citations omitted). According to this narrow and deferential standard, a district court may not set aside an arbitration award even if the court may "have interpreted the agreement differently or because the arbitrator erred in interpreting the

---

[1] Petitioner appears to make a claim that the reference to the employee as a "female employee" converts this matter to one under Title VII. However, there is no indication by the Petitioner's filings with the Court or otherwise that the employee's gender is of any relevance to this matter. Instead, the key appears to be that the employee was hired off the street rather than through the referral procedures of the collective bargaining agreement. Accordingly, the Court finds any argument of Title VII to be irrelevant.

law or in determining the facts." *Hoffman v. Cargill, Inc.,* 236 F.3d 458, 462 (8th Cir.2001). So long as the arbitrator is even arguably construing the underlying contract and acting within his scope of authority, the award should be confirmed. *Schoch,* 341 F.3d at 788. An arbitrator's broad authority is constrained by the Federal Arbitration Act (FAA). *See* 9 U.S.C. § 1 *et seq*. A district court may vacate an award if it evidences a manifest disregard for the law or if it is completely irrational. *See* 9 U.S.C. § 10(a)(4), *Hoffman,* 236 F.3d at 461. An award may also be vacated if the arbitrator is guilty of misconduct. *See* 9 U.S.C. § 10(a)(3). *See also*, *Roe v. Cargill Inc*. 333 F.Supp.2d 808, 813 (W.D. Ark. 2004).

**DISCUSSION**

Petitioner alleges five primary grounds in support of its Motion to Vacate. The Court will take each in turn.

A. Prohibition of Payment by Petitioner to Respondent under 29 U.S.C. § 186

Petitioner alleges that the Arbitration award is contrary to statute. 29 U.S.C. § 186 restricts both the payment of money by an employer, such as Petitioner, to a labor organization which represents an employer's employees, such as Respondent, as well as the receipt by the Respondent of these moneys. However, subsection (c) provides exceptions to this general rule. Included in these exceptions is (c)(2) which provides that the general rule as articulated above "shall not be applicable . . . with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment of any court or a decision of an award or arbitration . . .."

Petitioner claims that even though this exception does exist, there are case law limits on its application. Petitioner cites to *Longshoremen's Association v. Seatrain Lines, Inc.*, 326 F.2d 916 (2nd Cir. 1964) to make two arguments. One, Petitioner argues that payments to the Union from the employer must not only meet the exception in § 186(c)(2) for arbitration awards, but it must also meet a more particular exception as well. However, both *Seatrain* and later cases establish that the holding of *Seatrain* is that "whenever some other provision of § 186 states an exception more particularly applicable than § 186 (c)(2),

3

the transaction must follow the more particular exception. 256 F.3d 89 (2nd Cir. 2001). Here, Respondents are only using the one exception, § 186 (c)(2).

Two, Petitioner further argues that this award does not meet the § 186(c)(2) exception itself. Petitioner states that the award should not be considered the settlement of a claim, since as stated in *Seatrain* "every payment by an employer to a union could be characterized as a settlement of a claim or demand made by the union." *Seatrain*, 326 F.2d at 919. *Seatrain* dealt with collective bargaining negotiations and payments in compensation for these negotiations, clearly calling into question the applicability of the exception in § 186 (c)(2). However, the case at bar is unquestionably an arbitration award in settlement of a dispute and meets the exception under § 186 (c)(2). *Seatrain* is inapplicable on this point.

B.  Process of the Arbitration

Petitioner also alleges that the arbitration was not correctly processed. Specifically, Petitioner claims that the grievance was resolvable only by the Appeals Committee, and that as for the Joint Labor Management Committee, Petitioner, rather than NECA, should have appointed the three "management members."

As to Petitioner's argument that only the Appeals Committee could resolve the dispute, it is clear from Section 15 of the Collective bargaining agreement that the Appeals Committee exists to resolve complaints by employees or applicants for employment. The Appeals Committee does not function to hear disputes between an employer against the Union as is the issue in the case at bar.

Petitioner's argument that it and not NECA should have appointed the three management members of the committee is also without merit. The Committee is to be composed of three members of the Union and three members selected by "the Employer or by the Association, as the case may be." In its letter of assent, Petitioner authorized NECA to be its "collective bargaining representative for all matters contained in or pertaining to" the collective bargaining contract. Therefore, the selection of the Committee members by NECA was appropriate.

C.  No Legal Representation at the Arbitration

Petitioner also claims that it was denied the right to be represented by legal counsel in violation of state and federal statute. However, there is no right under the FAA to be represented by counsel. Polin v. Kellwood Co., 103 F. Supp.2d 238 (S.D.N.Y. 2000). Additionally, Petitioner has made no argument that it sought to have counsel present and this request was refused. As such, the Court can not find that this argument provides an adequate basis to vacate the arbitration award.

## CONCLUSION

For the reasons articulated above, it is hereby **ORDERED** that Petitioners Motion to Vacate (Doc. 1) is hereby **DENIED**. Respondent's Cross-Motion to Confirm and Enforce Arbitration Award (Doc. 7) is hereby **GRANTED**. Respondent's Motion for Attorney Fees Expended in this Action is also hereby **DENIED**.

DATE:   May 13, 2005          */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT